IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Calvin Malik Tucker, | ) | Case No. 0:25-cv-03259-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| State of South Carolina, The; | ) | |
| Richland County; Director of Alvin S. | ) | |
| Glenn Detention Center, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court on Petitioner's Petition for habeas corpus pursuant to 28 U.S.C. § 2241 and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 10.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. For the reasons stated herein, the Court accepts the Report of the Magistrate Judge and dismisses the case.

## BACKGROUND

On April 17, 2025, the Clerk docketed Petitioner's Petition. [Doc. 1.] Petitioner, a pretrial detainee, alleges he "has been incarcerated for a period of 30 months consecutively without receiving a preliminary or bond hearing" on his charges. [*Id.* at 1.] He seeks a "habeas hearing" and asks the Court to "speed up [his] arrai[gn]ment for exculpatory evidence to be presented." [*Id.*]

On May 12, 2025, the Magistrate Judge issued a Report recommending summary dismissal of the instant Petition because "federal habeas corpus petitions cannot be used to prevent a [pending] state criminal prosecution . . . ." [Doc. 10 at 3.] To the extent the

Petition seeks to enforce rights under the Speedy Trial Clause—in which case the above-stated rule may not apply, *see Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–90 (1973)—the Magistrate Judge determined that the *Younger* abstention doctrine nevertheless precludes Petitioner from seeking federal habeas relief because "he is currently pursuing [his speedy trial claim] in state court through motions in his criminal cases and a state habeas petition."[1] [Doc. 10 at 3 n.4; *see also id*. at 3–4.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 6.] On May 22, 2025, the Clerk docketed objections from Petitioner. [Doc. 13.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir.

---

[1] The Court takes judicial notice of the pleadings and proceedings in the Richland County Court of General Sessions and Richland County Court of Common Pleas at case numbers 2024A4010200802 (criminal prosecution) and 2025CP4001973 (state habeas petition). *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

In his objections, Petitioner argues Defendants violated his rights under the Speedy Trial Clause. [Doc. 13 at 1.] Regarding his criminal case and state habeas petition, Petitioner contends "[t]he Court of Common Pleas and General Sessions [have] failed to respond to motions and petitions submitted by [Petitioner] within a reasonable amount of time . . . ." [*Id.* at 2.] Accordingly, Petitioner affirms he has effectively "exhausted all available state remedies," and he reiterates his request for a "Habeas hearing." [*Id.* at 3.]

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris,* 401 U.S. 37, 49 (1971) (precluding federal court action where "proceeding was already pending in the state court, affording [state-court criminal defendant] an opportunity to raise his constitutional claims"); *Robinson v. Thomas*, 855 F.3d 278, 285–86 (4th Cir. 2017) (affirming dismissal without prejudice of federal habeas petition under *Younger* where state court proceedings were ongoing). As noted, the Magistrate Judge determined that the *Younger* abstention doctrine precludes Petitioner from seeking federal habeas relief at this time because "he is currently pursuing [his speedy trial claim] in state court through motions in his criminal cases and a state habeas petition." [Doc. 10 at 3 n.4.]

3

Petitioner appears to contend that he may nevertheless assert his right to a speedy trial in federal court. [Doc. 13 at 1.] The undersigned disagrees. As referenced by the Magistrate Judge, the Supreme Court in *Braden* held that a petitioner may raise a speedy trial claim in federal court when: (1) he is in custody within the meaning of 28 U.S.C. § 2241; (2) *he exhausted all available state remedies*; and (3) he seeks a prompt trial rather than a defense to a criminal charge. *Braden*, 410 U.S. at 488–90. In the present case, however, Petitioner's state habeas action remains pending, indicating his state court remedies remain unexhausted. *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (search by case number 2025CP4001973) (last accessed Dec. 18, 2025). Accordingly, Petitioner may not proceed in federal court until he exhausts his claims before the South Carolina Supreme Court. *See Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979) (dismissing a § 2241 petition raising a speedy trial claim because the petitioner failed to exhaust his state court remedies by litigating his claim at "all available levels of State courts").

Moreover, the Court overrules Petitioner's objections regarding the state court's alleged delay. Excessive delay in a state court action may excuse a petitioner's failure to exhaust his state court remedies. To this end, the federal court must consider "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant." *Ward v. Freeman,* No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995). "In considering whether there has been inordinate delay in a state court proceeding, courts often look first to the length of the delay at issue." *Plymail v. Mirandy,* No. 3:14-6201, 2017 WL 4280676, at *8 (S.D.W. Va. Sept. 27, 2017).

Petitioner filed his state habeas petition on March 26, 2025, and approximately nine months have lapsed since that time. *See* Richland County Fifth Judicial Circuit Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (search by case number 2025CP4001973) (last accessed Dec. 18, 2025). However, nine months does not constitute an excessive delay. *See Plymail,* 2017 WL 4280676, at *8 ("In cases of brief delays, courts have declined to excuse exhaustion of state remedies."); *Sparks v. Clarke*, No. 3:15CV482, 2016 WL 1054721, at *4 (E.D. Va. Mar. 10, 2016) (declining to excuse exhaustion where the state case had only been pending for one year and three months); *Burton v. S.C. Dep't of Corr.*, No. 8:05-0358-MBS, 2005 WL 3465858 at *6 (D.S.C. Dec. 16, 2005) (declining to excuse exhaustion where the state case had been pending for only 17 months and the hearing had occurred only seven months ago);[2] *cf. Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) ("[W]e have in rare cases declined to abstain where the state court delay was extreme and there was no end in sight to the state court proceedings. . . . But *Younger* abstention is appropriate even in cases of extreme delay where there is no indication that the state court has been ineffective . . . ." (internal quotation marks omitted)).

## CONCLUSION

For the reasons stated herein, the Court accepts the Report of the Magistrate Judge. [Doc. 10]. Accordingly, Petitioner's case is DISMISSED with prejudice, not on

---

[2] Moreover, "[t]o excuse the exhaustion requirement . . . the delay must be attributable to the state's procedures . . . and not attributable to petitioner's own actions." *Walkup v. Haines,* No. Civ.A. 5:04-1283, 2005 WL 2428163, at *3 (S.D.W. Va. Sept. 30, 2005), *appeal dismissed by* 169 F. App'x 776 (4th Cir. 2006). The docket sheet in Petitioner's state habeas action contains a filing titled "Archived Strike No Affidavit of Service," suggesting Petitioner may have failed to properly serve the respondents.

5

the merits, under *Younger* and for failure to exhaust state court remedies. *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006).

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 18, 2025
Columbia, South Carolina